IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BNSF LOGISTICS, LLC**                                                                  **PLAINTIFF**

V.                                **CASE NO. 5:19-CV-05069**

**TOTRAN TRANSPORTATION SERVICES, INC.**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Totran Transportation Services, Inc.'s ("Totran") Motion to Dismiss (Doc. 8) pursuant to Federal Rule of Civil Procedure 12(b)(2) and Memorandum in Support (Doc. 9), BNSF Logistics, LLC's ("BNSF") Response in Opposition (Doc. 24), and Totran's Reply (Doc. 30). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff BNSF is a limited liability company organized in Delaware and maintains an office in Springdale, Arkansas. Defendant Totran, a heavy-haul specialized motor carrier, is a Texas corporation headquartered in Conroe, Texas. On May 12, 2009, BNSF and Totran entered into a Broker/Carrier Agreement ("2009 Agreement") (Doc. 24-1) that stated that BNSF, as broker, was authorized by its customers to negotiate and arrange for the transportation of customer shipments in interstate commerce, and that Totran, as carrier, agreed to transport these shipments. Paragraph 8 of the Agreement contained a forum-selection and choice-of-law clause that read: "Arkansas law, venue and jurisdiction shall apply." *Id.* at 2.

It appears that over the next nine years, the parties continued their broker/carrier relationship without major incident. Then, on June 29, 2018, they entered into a Scope

1

of Work Agreement ("SOW") (Doc. 24-2) in which Totran agreed to transport wind turbine equipment from Wellington, Kansas, to sites in and around Tampa, Kansas. In exchange, BNSF agreed to pay Totran for its transportation services. The first paragraph of the SOW specifically referenced the parties' 2009 Agreement and clarified that the terms and conditions of the SOW would only prevail over those in the Agreement if there were an "inconsistency or conflict between such documents." *Id.* at 1. Otherwise, the terms of the Agreement would apply.[1]

According to the Amended Complaint (Doc. 4), from approximately June 2018 to November 2018, Totran transported turbine equipment pursuant to the SOW. But shortly after that, a dispute arose between the parties regarding the amount Totran believed it was owed under the SOW. The Complaint alleges that in February of 2019, Totran filed a notice of intent to file a mechanic's lien in state court in Kansas. Totran then served the notice on BNSF's customer, who was the lessee of the property that was subject to the lien. When BNSF found out what Totran had done, it asked Totran to withdraw the lien, and Totran refused. This lawsuit—in which BNSF asserts claims against Totran for breach of contract, defamation/slander, and tortious interference—resulted.

Totran's motion to dismiss now before the Court asserts that the forum-selection clause in the parties' 2009 Agreement is insufficient, in and of itself, to establish personal jurisdiction over Totran, and that BNSF must also establish Totran's minimum

---

[1] Totran argues in its brief that "[t]he Scope of Work, which is the source of this dispute, has no forum selection clause . . . . [and] [a]s such, it would be unreasonable to apply the 2009 forum selection clause to the dispute in this case." (Doc. 9 at 8). This reading of the SOW is inaccurate. The SOW specifically and unambiguously states that it "is entered into pursuant to" the 2009 Agreement. (Doc. 24-2 at 1). The terms of the 2009 Agreement are therefore incorporated in the SOW by reference.

contacts with the forum. In the alternative, Totran argues that the forum-selection clause in the Agreement—if sufficient to confer personal jurisdiction—is merely permissive in nature, rather than exclusive, and that Arkansas is not the only place where suit may be brought.² In response, BNSF points out that Totran consented to personal jurisdiction in Arkansas when Totran agreed to the forum-selection clause in the 2009 Agreement. Below, the Court will consider the parties' arguments.

## II. LEGAL STANDARD

"To allege personal jurisdiction, a 'plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.

---

² The Court pauses here to address an issue that appears exclusively in an affidavit that Totran submitted along with its motion. The affiant, Totran President Robert Miller, claims that the parties entered into another agreement on August 15, 2018, after they entered into the SOW. According to Mr. Miller, the August 2018 agreement provides that all lawsuits between the parties will be brought exclusively in the State of Texas. *See* Doc. 8-1 at ¶¶ 12-13. At the same time, Mr. Miller concedes that the August 2018 agreement "states that it 'supersedes all other agreements . . .' with the exception of the Scope of Work." *Id.* at ¶ 13. The carve-out for the SOW is meaningful here, as the SOW, by its plain terms, incorporated the 2009 Agreement with its forum-selection clause. *See supra*, n.1. Tellingly, the August 2018 agreement alluded to by Mr. Miller was not attached to his affidavit, nor was it discussed—even in passing—in Totran's Memorandum in Support of its Motion (Doc. 9) or Reply (Doc. 30). "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction," *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). "[T]he court must look at the facts in the light most favorable to the nonmoving party . . . and resolve all factual conflicts in favor of that party." *Id.* To the extent a factual dispute exists as to whether an agreement signed by the parties in August of 2018 contains a forum-selection clause that specifies Texas *and also* supersedes the Arkansas forum-selection clause in the 2009 Agreement, the Court resolves the dispute in favor of BNSF, the non-moving party. Totran has made no effort to attach the August 2018 contract to its briefing or even quote the relevant forum-selection clause. The entirety of Totran's briefing on the motion focuses on the *Arkansas* forum-selection clause that appears in the 2009 Agreement. For all these reasons, the Court will not discuss the August 2018 agreement further in this Opinion.

2004)) (alteration omitted). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (8th Cir. 2003). The Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

The Arkansas long-arm statute authorizes the exercise of personal jurisdiction to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment. Ark. Code Ann. § 16-4-101(B); *see also Epps v. Stewart Info. Serv. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). "An individual who subjects himself to the personal jurisdiction of a court by express agreement shall be bound by that contract, if the agreement can be determined to be fair and reasonable." *Servewell Plumbing, LLC v. Summit Contrs., Inc.*, 362 Ark. 598, 606 (2005). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (internal citation omitted).

### III. DISCUSSION

#### A. Personal Jurisdiction over Totran

Totran, a citizen of Texas, believes the Court cannot exert personal jurisdiction over it because the company lacks minimum contacts with Arkansas. Totran concedes, however, that it entered into an Agreement in 2009 with BNSF, a company that

maintains an office in Springdale, Arkansas, and that it maintained a contractual relationship with BNSF, governed by the terms of that 2009 Agreement, for the next approximately nine years.

As previously explained, Arkansas' long-arm statute allows the exercise of personal jurisdiction over a nonresident defendant, provided that such exercise does not offend the Due Process clause of the Fourteenth Amendment of the United States Constitution. Ark. Code Ann. § 16-4-101(B). The Eighth Circuit has clearly held that "[d]ue process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). Further, the Supreme Court of the United States has ruled that "[w]here such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14, (1985). Thus, the forum-selection clause identified in the instant dispute is sufficient to confer personal jurisdiction over Totran in Arkansas, provided that the clause was freely negotiated and is not substantively unreasonable.

Importantly, Totran does not contend that the 2009 Agreement was not freely negotiated. It also does not contend that the Agreement is invalid or unenforceable due to fraud or overreaching. Instead, Totran's argument is more along the lines of a request that the Court refuse to give effect to the parties' freely negotiated forum-selection clause because the chosen forum happens to be inconvenient to Totran. Neither of the cases Totran cites in support of its position are on point. In *SD Leasing, Inc. v. Al Spain and Associates, Inc.*, the Arkansas Supreme Court discussed two

*independent* bases to reverse the trial court's finding that no personal jurisdiction existed: the defendant's minimum contacts with the forum *and* the parties' valid forum-selection clause. 277 Ark. 178, 181 (1982). The *SD Leasing* Court never held that a valid forum-selection clause was insufficient, on its own, to establish personal jurisdiction over a defendant. Similarly, Totran's citation to *P.A.M. Transport, Inc. v. Faurecia Automotive Seating, Inc.* is unhelpful because the district court's personal-jurisdiction analysis considered only the defendant's contacts with the forum—and not the validity of a forum-selection clause. 2011 WL 5082380, at *4 (W.D. Ark. Oct. 26, 2011).[3]

Though Totran agreed to litigate disputes with BNSF in Arkansas at the beginning of the parties' contractual relationship, Totran now balks at the forum-selection clause's enforcement—even though it can offer no valid legal basis to deny such enforcement. The Court concludes that it may exert personal jurisdiction over Totran by virtue of the clear and unambiguous forum-selection clause in the 2009 Agreement.

### B. Arkansas as the Exclusive Jurisdiction to Lay Venue

Totran argues in the alternative that even if the forum-selection clause provides a sufficient basis, in and of itself, for personal jurisdiction, the wording of the clause

---

[3] The Court did mention that a forum-selection clause existed, but the clause was never substantively discussed in the body of the opinion. It appears the defendant cited to the clause in support of its argument to transfer venue to another jurisdiction. *See P.A.M. Transport*, 2011 WL 5082380, at *5 ("Faurecia also argues that the plaintiff's complaint should be dismissed or transferred for improper venue . . . based on a forum selection clause.").

suggests that it is permissive, rather than exclusive, and in light of Totran's lack of minimum contacts with Arkansas, another forum would be preferable.

Totran concedes that the use of the word "shall" in a contract suggests exclusivity. Indeed, "shall" is defined as "[h]as a duty to" or "is required to." BLACK'S LAW DICTIONARY (10th ed. 2014). Further, the use of "shall" has been held by the Arkansas Supreme Court to mean that compliance with the associated provision is exclusive. *Ramirez v. White Cnty. Circuit Court*, 343 Ark. 372 (2001). Totran cites two cases in support of its argument that the 2009 forum-selection clause is merely permissive. The first case, *Dunne v. Libbra*, involved a contract that stated the following: "This agreement shall be governed by and construed in accordance with the laws of the State of Illinois, and the parties consent to the jurisdiction to [sic] the state courts of the State of Illinois." 330 F.3d 1062, 1063 (8th Cir. 2003). The Eighth Circuit reviewing the case on appeal concluded that the forum-selection clause was permissive rather than exclusive because the word "shall" related specifically to the choice-of-law provision at the beginning of the clause, and not to the forum-selection provision at the end of the clause. *Id.* at 1064 ("Unlike the immediately preceding choice of law provision, which unambiguously mandates the application of Illinois law for the purpose of construing the contract, the forum selection clause does not employ the term 'shall.'"). Similarly, in *R&R Packaging, Inc. v. J.C. Penney Corp., Inc.*, the district court analyzed a contract and noted that the choice-of-law provision that included the word "shall" was exclusive ("SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD TO CONFLICT OF LAW ISSUES"), but the forum-selection provision was permissive because it did not contain

the word "shall" ("THE PARTIES HEREBY SUBMIT TO THE JURISDICTION AND VENUE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS"). 2013 WL 773455, at *2, *5 (W.D. Ark. Feb. 28, 2013) (capitalization in original).

Turning now to the forum-selection clause in the case it bar, it bears no similarity to the clauses at issue in *Dunne* and *R&R Packaging*. The 2009 Agreement's forum-selection clause unambiguously utilizes the verb "shall" to refer equally to the parties' choice of law and choice of forum ("Arkansas law, venue and jurisdiction *shall* apply." (emphasis added)). Arkansas is, therefore, the exclusive forum for this contract dispute.

### IV. CONCLUSION

For the foregoing reasons, Defendant Totran Transportation Services, Inc.'s Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS SO ORDERED** on this 9th day of July, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE